# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bonita Brabec,<br><br>    Plaintiff,<br><br>vs.<br><br>The Brachfeld Law Group, P.C., *a foreign professional corporation*,<br><br>    Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Bonita Brabec ("Brabec" or "Plaintiff") is a natural person residing in the County of Carver, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant The Brachfeld Law Group, P.C. ("BLG" or "Defendant") is a foreign professional corporation that operates as a debt collection agency from an address

of 880 Apollo Street, Suite 155, El Segundo, California 90245. BLG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with an unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before November 2012.

9. On or about November 12, 2012 and November 14, 2012 a debt collector, who was employed by BLG, left scripted telephonic messages for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. In these scripted telephonic messages, BLG's employees violated 15 U.S.C. §§ 1692d and 1692d(6) because BLG's employees failed to provide a meaningful disclosure. BLG's employees also violated 15 U.S.C. §§ 1692e, and 1692e(11) of the FDCPA because BLG's employees failed to disclose that the communication was from a debt collector.

11. Specifically, an employee of BLG left the following scripted telephonic communication for Plaintiff on or about November 12, 2012:

> "This message is intended for Ms. Bonita Brabec. If you are not Ms. Bonita Brabec, this message is not intended for you. However, if you are – my name is Ms. Smith. I am with Brachfeld Law Group. I am calling to get in contact with you regarding some information that was placed with my office. Please return my call back at 866-837-4402. My extension is 6206." End of message.

12. On or about November 14, 2012, an employee of BLG left the following scripted telephonic communication for Plaintiff:

> "Yes. This confidential exclusive message is for Bonita Brabec. If you are not Bonita Brabec please disregard this call – this matter is not intended for you. Ms. Brabec, this is Mr. Forest here at Brachfeld Law Group. I don't know if anyone has got in contact with you as of yet here from this office but I do think that this will observe your attention as soon as you can get to it. Again, my name is Forest. I'm not an attorney here with this office. I can either speak with you or your representation. Please contact me back at 866-837-4406 with an extension of 6152. Again, this is the Brachfeld Law Group, ahh, this is in regards to some information that we did mail out to you ahead of time. Please contact our office, ahh, I need to speak with you. Again, my name is Forest. Brachfeld Law Group." End of message.

13. Based upon information and belief, BLG has left multiple messages similar to the telephonic messages that were left for Plaintiff on or about November 12, 2012 and November 14, 2012 in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e, and 1692e(11).

14. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by BLG.

15. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of BLG's acts and omissions.

### *Respondeat Superior Liability*

16. The acts and omissions of Defendant's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, BLG.

17. The acts and omissions by Defendant's employee(s) were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by BLG in collecting consumer debts.

18. By committing these acts and omissions against Plaintiff, Defendant's employee(s) was motivated to benefit their principal, BLG.

19. Defendant BLG is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not

limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

21. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

22. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

23. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

24. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

25. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated: December 6, 2012.                **MARSO AND MICHELSON, P.A.**

By:   s/Patrick L. Hayes
Patrick L. Hayes (0389869)
William C. Michelson (129823)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com